JUSTIN RIPLEY ET AL., APPELLEES, V. CHARLES P. LARSEN ET AL., APPELLANTS.

FILED FEBRUARY 5, 1895.    No. 5862.

Review: CONFLICTING EVIDENCE. On appeal where there is such a contradiction and confusion in the evidence that it is uncertain how the issues should have been determined, the judgment of the district court will not be disturbed.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

*John S. Bishop,* and *S. B. Pound,* for appellants.

*F. A. Boehmer, W. A. Williams,* and *Field & Holmes,* contra.

RYAN, C.

Originally there were commenced two actions in the district court of Lancaster county for the foreclosure of as many mortgages made by appellants. These actions were consolidated for the reason that a decree in each case was sought against the same property as in the other. The first mortgage in priority was one given to the Ballou State Banking Company to secure a note for $1,000. This note had been transferred to Justin Ripley by whom foreclosure proceedings were begun. The original payee having been made a party at first disclaimed any interest in the matter litigated, but subsequently answering sought a foreclosure in respect to certain coupons evidencing interest which had accrued on said $1,000 note, which coupons had been paid by said Ballou State Banking Company because payment thereof had been guarantied by such company. The right of foreclosure on behalf of Justin Ripley, before maturity, was asserted because of a failure to pay interest, a default which entitled the holder of the $1,000 note to treat the same as due and accordingly to ask a foreclosure of the mortgage securing the same. The answer of Mr. and Mrs. Larsen was a general denial, with a special denial of the right of Ripley to foreclose on the grounds alleged. The proofs fully sustained the right to a foreclosure as prayed, and the decree in favor of Ripley and the Ballou State Banking Company will not therefore be disturbed. The other foreclosure was sought by Arthur L. Shader, who held a mortgage prior to that above described. The note

which was secured by the mortgage held by Mr. Shader
had originally been made to Herman H. Meyer. It was
of date October 27, 1889, and the amount which Charles
P. Larsen thereby had agreed to pay in one year from its
date was $725 with interest thereon at the rate of ten per
cent per annum.

By their answer Mr. and Mrs. Larsen set out various
advancements of money which had been made by Meyer
to Charles P. Larsen, amounting in the aggregate to the
sum of $525; that afterward there had been made an ad-
vancement of $90, for which Meyer had taken C. P. Lar-
sen's note in the sum of $100, with ten per cent interest
per annum; that on or about October 20, 1889, Mr. Lar-
son executed his note to Meyer for the sum of $725, whereas
in fact said Larsen had received in all but the aggregate
sum of $622.82, and that the sum of $102.18, the differ-
ence between $622.82 and $725, was put into the $725 note
as interest and usury. In addition to the above defense of
usury, Mr. and Mrs. Larsen pleaded payments of $40 in
cash, and in labor to the amount of $203.59, wherefore, as
they alleged, there was due but the sum of $379.23 on the
aforesaid promissory note given for $725. There was in
the answer averments that Shader was a purchaser of the
above note after its maturity. The prayer of the answer
was that credit should be allowed to the amounts of $102.18
and $243.59, and that judgment be rendered for the amount
found due against said answering defendants and that said
defendants recover costs. There was a decree for the full
amount of the $725 note and interest. The district court
found that Shader, by assignment after maturity, acquired
the note and mortgage. It is, however, unnecessary to
consider whether or not this result was correct in the view
which we take of other matters. It is observable that the
evidence as to transactions preceding the taking of the $725
note is of no importance under the averments and prayer
of the answer, except such testimony as tended to establish

48

the facts of payments. A large part of the brief of appellants is devoted to the consideration of the several notes which preceded the note for $725, but of these only the one for $600 immediately preceding that for $725 has any significance under the averments of the answer. In respect to the particular usury charged there was such a conflict and confusion in the evidence that we cannot say that the district court was wrong in its conclusions. So, too, of the alleged payments in cash and by labor. There was as to these such a mingling of moneys loaned with wares sold, and credits proper to be made on each account, that we cannot say that the finding of the district court was unsupported by the evidence. We do not undertake to assert that the district court came to a conclusion which was absolutely correct. We however admit that, if wrong, we cannot discover wherein such wrong exists. The judgment of the district court is therefore

AFFIRMED.